**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL LOGISTICS, INC.,** | ) | |
| | ) | |
| **Plaintiff/Consolidated** | ) | |
| **Defendant,** | ) | |
| | ) | **Case No. 25-cv-119-CDL** |
| | ) | **BASE FILE** |
| **v.** | ) | |
| | ) | |
| **NEW ENGLAND** | ) | **Consolidated with:** |
| **DESPERADO, LLP,** | ) | **Case No. 25-cv-00256-CDL** |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RODNEY ROLLINS,** | ) | |
| | ) | |
| **Consolidated Plaintiff.** | ) | |

## OPINION AND ORDER

Before the Court are several pending motions: New England Desperado's Motion to Dismiss (Doc. 38); Paul Logistics' Motion to Dismiss for Failure to State a Claim and Pursuant to Oklahoma Citizens Participation Act (OCPA) (Doc. 44); and the renewed Motion to Withdraw filed by counsel for Defendant New England Desperado (Doc. 66).[1] These motions have been fully briefed and are ripe for the Court's consideration.

---

[1]     Also pending is Paul Logistics' first Motion to Dismiss Counterclaims of New England Desperado LLP and Claims of Rodney Rollins (Doc. 18), filed on April 24, 2025. The parties present at the January 8 hearing stipulated that the motion is moot in light of subsequent events. That motion (Doc. 18) accordingly is terminated.

## I.    Procedural Background[2]

In an Order dated December 11, 2025, the Court scheduled a hearing on all pending motions. In the same order, the Court permitted the withdrawal of counsel on behalf of individual Defendant/Consolidated Plaintiff Rodney Rollins, who had filed a notice of his intention to proceed *pro se* on his own behalf. Rollins failed to appear for the originally scheduled hearing on December 18. (*See* Docs. 64, 65). At Rollins' request, the Court continued the hearing to January 8, 2026 to allow Rollins and New England Desperado, LLP (NED) additional time to secure substitute counsel. The Court entered an order specifying that NED should appear through counsel at the January 8 hearing and that Rollins "must appear at the January 8, 2026 hearing, either through counsel or in-person on his own behalf." (Doc. 65 at 1). The parties were warned that any failure to comply may be considered willful misconduct warranting severe sanctions. (Doc. 65 at 2-3).

Nonetheless, on January 8, 2026, Rollins again failed to appear for the continued hearing or to have counsel appear on his behalf. Rollins had not filed a motion for further continuance or communicated to the Court in any way that he would not be appearing for the hearing, which had been continued at his request. Counsel for Plaintiff Paul Logistics, LLC and NED appeared and presented oral argument on the pending motions, which the

---

[2]    This abbreviated summary is limited to select events following the Court's September 22, 2025 Opinion and Order consolidating Case Nos. 25-cv-119 and 25-cv-256. (Doc. 39). The Court's September 22, 2025 Opinion and Order includes a summary of the underlying factual allegations. (Doc. 39).

Court has taken under advisement. (*See* Doc. 71). Although Rollins did not participate in oral argument, the Court finds no need to further delay its ruling on the pending motions.[3]

The Court has considered all briefing submitted in connection with the motions, including Rollins' pro se response (Doc. 55) to Paul Logistics' Motion to Dismiss. Following NED's loss of its previous out-of-state counsel (for reasons explained in the Court's December 11, 2025 Order (Doc. 59)), NED's remaining counsel, Huddleston, filed a renewed motion to withdraw from representing NED. (Doc. 66). In light of the evolving situation regarding counsel, this order will first address the parties' responsibilities in any civil case in this District.

## II.    Responsibilities of the Parties

"A pro se party is required to comply with all local rules and all applicable federal rules." LCvR17-1(d). A partnership such as NED, or any "other entity that is not a natural person may not appear pro se." *See* LCvR17(c) ("A corporation, partnership, limited liability company, trust, estate, or other entity that is not a natural person may not appear pro se."). Furthermore, "[a]n individual officer, director, partner, member, trustee, administrator, or executor may not appear on behalf of an entity," unless the individual is an attorney authorized to practice in this Court and other conditions are met. *Id*.

---

[3]    At one point during the continued hearing, NED's counsel suggested that the Court delay ruling on the pending motion to dismiss until after a date certain to give NED additional time to secure substitute counsel. However, the Court has already done just that, at Rollins' request. Moreover, if counsel's comment were construed as an oral motion, the motion was asserted on behalf of NED only, not Rollins individually, as NED's counsel has withdrawn from representing Rollins in this case. (*See* Doc. 59).

Under LCvR17-1, "[t]he Court may strike any pleading filed on behalf of any entity that purports to appear pro se." Additionally, Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; or . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 37(b)(2)(A)(ii)-(vii) authorizes orders "(ii) prohibiting [a] disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

As the Court explained during the January 8 motion hearing, and in consideration of Paul Logistics' representation that it does not oppose Mr. Huddleston's withdrawal, Mr. Huddleston will be permitted to withdraw, effective upon completing the notice and service requirements set forth *infra*.

**NED is therefore directed again to enter the appearance of substitute counsel. If NED should fail to cause new counsel to enter an appearance within ten (10) days of the entry of this order, NED may be deemed in default and be subject to default judgment. Furthermore, NED is again advised that any failure to comply with the Court's orders and/or applicable rules may be considered "willful misconduct" warranting severe sanctions including, *inter alia*, the striking of pleadings and/or**

**dismissal of claims, the entry of default judgment, and/or the assessment of attorneys' fees and costs. (*See* Doc. 65 at 2-3 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992))).**

### III.    Motions to Dismiss

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

At this stage, the court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,* 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991)).

### A.    NED's Motion to Dismiss (Doc. 38)

Plaintiff's Complaint (Doc. 2-1) asserts four causes of action: breach of contract; damages pursuant to 49 U.S.C. § 370 et seq. ("Carmack Amendment"); conversion and larceny; and willful and malicious injury to property. The Complaint was filed in Tulsa County District Court on January 16, 2025. (Doc. 2-1). NED removed the case on March 13, 2025. (Doc. 2). After seeking and receiving an extension to file a responsive pleading, NED filed an Answer and Counterclaim on April 3, 2025. (Docs. 10-12, 14). NED and Rollins subsequently filed a motion to consolidate Cases 25-cv-119 and 25-cv-256 (Doc. 27), which the Court granted. (Doc. 39).

Several months later, on September 19, 2025 NED filed its Motion to Dismiss. (Doc. 38). The Motion to Dismiss asserts defenses under Fed. R. Civ. P. 12(b)(6).[4] Specifically, it argues that (1) Paul Logistics has failed to state a plausible claim under the Carmack Amendment, and (2) Paul Logistics' claim under the Carmack Amendment pre-empts its state law claims, which arise from the same common nucleus of operative facts.[5]

---

[4]    At one point the motion invokes Rule 12(b)(1); however, the motion fails to develop any argument that the Court lacks subject-matter jurisdiction. Notably, NED's Notice of Removal of states that subject-matter jurisdiction exists on both federal question and diversity grounds. (Doc. 2 at 2). Rollins' Amended Complaint filed in federal court in Connecticut prior to transfer states that there is federal diversity jurisdiction under 28 U.s.C. § 1332 and that "the Court has supplemental jurisdiction over related state law claims pursuant to 28 U. S. C. Section 1367." (Doc. 8 ¶ 2, Case No. 25-cv-256-CDL).

[5]    While Fed. R. Civ. P. 8(d)(2) permits a party to offer inconsistent defenses to a claim, it likewise allows a plaintiff to plead alternative claims or inconsistent theories of liability.

Under Rule 12, defenses listed under 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, NED's motion was filed several months after filing its Answer. NED did not seek leave to file a motion to dismiss out of time, offer any basis to find excusable neglect, or indicate whether it conferred with opposing counsel prior to filing the motion.

In some cases, courts have construed an untimely motion to dismiss as a motion for judgment on the pleadings. However, NED has not asked for such relief and did not file a reply brief addressing this argument. Instead, during oral argument, NED's counsel acknowledged the motion relies on matters outside the pleadings. Specifically, NED's arguments based on the Carmack Amendment refer to certain terms in the bill of lading from which Paul Logistics' claims arose.

NED's counsel asked that the motion be considered under the standard of Rule 56. However, the relevant bill of lading is not attached to or incorporated into Paul Logistics' Complaint (Doc. 2-1), nor is it in the record. Moreover, as Paul Logistics' counsel pointed out, NED's motion does not include a statement of undisputed facts or cite to any materials in the record; thus, the motion does not meet the requirements of a Rule 56 motion. Thus, the Court will not consider the Motion to Dismiss as a motion for summary judgment pursuant to Rule 56.

Finally, the Court notes that Paul Logistics filed a response in opposition to NED's motion and provided supporting oral argument. (*See* Doc. 42). Paul Logistics has thereby provided authorities supporting the plausibility of claims set forth in its Complaint. Moreover, Paul Logistics has requested leave to file an amended Complaint should the

Court dismiss any claims under Rule 12(b)(6). NED did not rebut Paul Logistics' response, either in a reply brief or through oral argument. Based on the written briefing, the Court finds that the Amended Complaint adequately alleges "enough factual matter (taken as true) to suggest that [Paul Logistics] is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Accordingly, for all of the reasons set forth above, NED's Motion to Dismiss (Doc. 38) is denied. Such denial is without prejudice to NED's right to re-urge the same or similar arguments in a properly filed dispositive motion at an appropriate time.

### IV.    Paul Logistics' Motion to Dismiss Claims/Counterclaims (Doc. 44)

NED's Counterclaim (Doc. 14) asserts claims of false imprisonment, intentional infliction of emotional distress, defamation, and interference with business expectations. Rollins' Amended Complaint in the consolidated action asserts the same causes of action against Paul Logistics. (*See* Case No. 25-cv-256-CDL, Doc. 8).[6]  Each of NED's and Rollins' claims is based upon the allegation that Paul Logistics, through its agent or agents, made a false criminal complaint, and/or caused the publication of a false statement on a public forum used by brokers in the freight industry. (*See id*. ¶¶ 27–34).

The Counterclaim and Amended Complaint of Rollins allege that the parties contracted for the shipment of certain commercial goods, which were to be delivered to two locations in separate "drops." After the first "drop" was completed "without incident,"

---

[6]    NED's Counterclaim and Rollins' Amended Complaint also assert the same claims against various John Doe defendants who allegedly acted as agents of NED, but who evidently have never been identified and served pleadings in that case.

the facts giving rise to this dispute arose when NED arrived at the site of the second "drop." As alleged, "[a]t the second drop the receiver caused damaged[sic] to Plaintiff's tractor trailer equipment due to yard trash, a not uncommon occurrence in the trucking industry." (Doc. 8 ¶ 13, Case No. 25-cv-256; *compare* Doc. 14 ¶ 4). After "[t]he receiver refused to provide" its commercial liability insurance information, Rollins / NED left the delivery site without unloading the cargo. (Doc. 8 ¶ 13, Case No. 25-cv-256; *compare* Doc. 14 ¶ 4). After Paul Logistics and NED failed to reach an agreement on the cost of repairs to NED's trailer, "[t]he freight was liquidated" after Rollins determined he was entitled to sell it pursuant to a carrier's lien. (Doc. 8 ¶¶ 14-26, Case No. 25-cv-256; *compare* Doc. 14 ¶¶ 5-17).

Rollins / NED allege that Paul Logistics, through its agents, thereafter published a statement on a website used by freight brokers that NEP "held load hostage in-transit agreement modification, theft or unjustified loss of freight, repeated pickup or delivery service failures, unethical or deceptive business practices. This publication of the defamatory statements regarding NEP and Plaintiff was accessible under 'fraud prevention searches.'" (Doc. 8 ¶ 28, Case No. 25-cv-256-CDL). Rollins / NED allege that this "writing was false and defamatory to Rollins and NED," in that it "charged Rollins with engaging in a crime" and "charged Rollins and NED with improper conduct or lack of skill in his[sic] profession and is likely to continue to injure him[sic] in his profession or calling." (*Id.* ¶¶74-75).

As alleged, Paul Logistics also "falsely stated to Kyle Anderson of the Jefferson Police Department that Plaintiff 'having lawfully obtained a tractor trailer loaded with

Kubota products, property of Paul Logistics Inc. of the value of $67,240.55[sic]under an agreement (legal obligation) to make a specified application of said property . . . . [Plaintiff] sold off the product for his own monetary gain knowingly converted said property to his/her own use in violation of such agreement (legal obligation). . . . At all material times PL knew that the property was not property of Paul Logistics Inc. . . . At all times, PL knew that Plaintiff had a legal right to sell the property because of the failure of the receiver to timely pay for the goods that had been transported by Plaintiff." (*Id.* ¶¶ 32–34).

Paul Logistics contends each of Rollins' claims and NED's counterclaims fails as a matter of law pursuant to the Oklahoma Citizens Participation Act. (the "OCPA"), Title 12, Okla. Stat. § 1430, et seq, and fails to state a plausible claim sufficient to overcome the standard for a 12(b)(6) motion. Notably, each of Rollins' and NED's causes of action is grounded in the alleged falsity of the police report and/or statement posted online. Thus, their claims require a plausible allegation that NED was within its rights to depart from the contracted delivery address with the cargo still loaded on its vehicle, and subsequently to sell the cargo.

Paul Logistics contends that, as a matter of law, Rollins did not have a valid carrier's lien and therefore had no right to liquidate the cargo. (Doc. 44 at 12-14). "[W]hen legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions[.]'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012) (quoting *Iqbal,* 129 S.Ct. at 1949). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice. Accordingly, in examining a complaint under Rule

12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*. (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

Here, Rollins and NED allege that they entered into a contract with Paul Logistics for shipment services. They assert that NED's actions in withholding and later selling the freight were permitted "[u]nder Section 308 of the UCC." (Case No. 25-cv-256, Doc. 8 ¶ 25; *compare* Doc. 14 ¶ 16). They also allege that Rollins determined that the freight was subject to a carrier's lien and that he consulted with local police to confirm NED could sell the freight to recoup its loss. (Case No. 25-cv-256, Doc. 8 ¶¶ 22-24; *compare* Doc. 14 ¶ 13-15).

However, these allegations "are not entitled to the assumption of truth because they are entirely conclusory." *Khalik v*, 671 F.3d at 1193. NED's Counterclaim and Rollins' Amended Complaint lack any factual details about the parties' contract, including whether it includes a choice-of-law or forum provision or any other terms applicable to this dispute. While the Amended Complaint appears to refer to general requirements for enforcing a carrier's lien, it does not specify the terms of any such lien in the parties' agreement. Conclusory statements that the law supports NED's "handl[ing of] the freight in this manner under these circumstances" are not sufficient to allege plausibly that a lien had properly attached pursuant to any particular state statute and/or that any lien was properly enforced. (Case No. 25-cv-256, Doc. 8 ¶ 25; *see id*. ¶¶ 22-24; *compare* Doc. 14 ¶¶ 13-15).

Rollins argues that "[w]hether [his] retention or disposition of cargo was lawful . . . requires discovery regarding the contractual terms, notice, and actual possession—all

beyond the pleadings." (Doc. 55 at 8). However, a party's complaint must contain enough detail to "nudge their claims across the line from conceivable to plausible," and do more than recite the *prima facie* elements of a claim. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249 (10th Cir.2008); *see Bacon v. TCIM Servs., Inc.*, No. 09-CV-0777-CVE-FHM, 2010 WL 915051 (N.D. Okla. Mar. 10, 2010) (finding allegations failed to state plausible claim where "[t]he factual allegations of the amended petition closely resemble legal conclusions.").

Here, the factual allegations offer little beyond legal conclusions to support Rollins' and NED's contention that Paul Logistics made false or defamatory statements. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991)). Rollins and NED do not allege sufficient facts showing that Paul Logistics made a statement that was false or otherwise wrongful, which is the factual premise of each of their alleged causes of action. Accordingly each of their claims and counterclaims should be dismissed.

IT IS THEREFORE ORDERED that:

1.      New England Desperado, LLP is **directed** to cause new counsel to enter its appearance within ten (10) days.

2.     NED's counsel, Mr. Huddleston, is **directed** to serve a copy of this Order upon NED and Mr. Rollins within three (3) days of its entry. Upon the filing of a satisfactory certificate of service, Mr. Huddleston will be withdrawn and terminated as NED's counsel.

3.     Paul Logistics' Motion to Dismiss Counterclaims of New England Desperado LLP and Claims of Rodney Rollins (Doc. 18) is **moot**.

4.     NED's Motion to Dismiss (Doc. 38) is **denied**.

5.     Paul Logistics' Motion to Dismiss (Doc. 44) is **granted**, and the claims of NED and Rollins are dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 31st day of March, 2026.


Christine D. Little
United States Magistrate Judge